THE STATE EX REL. EBBING, APPELLANT, *v.* RICKETTS,

FISCAL OFFICER, APPELLEE.

[Cite as *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699.]

*Quo warranto—Removal of village fiscal officer by mayor with consent of council—Civil procedure—Reply to answer need not be allowed notwithstanding R.C. 2733.12—Civ.R. 7(A)—Untimely motion for dismissal for failure to state a claim treated as motion for judgment on pleadings—Stay of discovery within discretion of court—Evidentiary hearing required for award of attorney fees under Civ.R. 11.*

(No. 2012-0940—Submitted October 9, 2012—Decided October 17, 2012.)

APPEAL from the Court of Appeals for Butler County,

No. CA2011-01-009.

_____

**Per Curiam.**

{¶ 1} Appellant, Joseph P. Ebbing, appeals from a judgment denying his request for a writ of quo warranto to oust appellee, Belinda Ricketts, from the office of fiscal officer of the village of New Miami, Ohio, and to reinstate him to that office. Ebbing also contests certain rulings on various motions in the quo warranto case and an award of reasonable attorney fees and expenses incurred by Ricketts in responding to Ebbing's motion for declaratory judgment. We affirm the judgment denying the writ of quo warranto and most of the challenged rulings on various motions in the case, reverse the judgment awarding reasonable attorney fees and expenses, and remand the cause for further proceedings.

**Facts**

{¶ 2} In December 2005, the New Miami Village Council ratified the mayor's appointment of Ebbing as the village fiscal officer. In June 2006, the village council confirmed the mayor's reappointment of Ebbing as the New Miami fiscal officer to serve indefinitely. The resolutions specified that Ebbing's service as fiscal officer "shall be in accordance with Ohio Revised Code 733.262(D)[,] which provides that the village fiscal officer may be removed without cause either by the mayor with the consent of a majority of the members of the village legislative authority or by a three-fourths vote of the village legislative authority with or without the consent of the mayor."

{¶ 3} In January 2008, Patti J. Hanes became mayor of New Miami. As a result of an investigation by the state auditor, Hanes discovered that Ebbing had failed to properly perform his duties as village fiscal officer by, among other things, authorizing checks that resulted in overpayment to him for holiday overtime hours.

{¶ 4} At a January 17, 2008 village council meeting, the council voted four to two to pass a resolution terminating Ebbing's employment as fiscal officer without cause pursuant to the most recent village resolution appointing Ebbing and R.C. 733.262. The village council's action was precipitated by Mayor Hanes's desire to fire Ebbing. Following the council's vote, the mayor advised Ebbing that he was done, asked the sheriff's deputy to escort him from the meeting and out of the building, and changed the locks on Ebbing's office, refusing to let Ebbing return.

{¶ 5} On February 25, 2008, Mayor Hanes appointed appellee, Belinda Ricketts, as the new village fiscal officer. The village council confirmed the mayor's appointment of Ricketts.

{¶ 6} On January 18, 2011, Ebbing filed a complaint in the Court of Appeals for Butler County for a writ of quo warranto ousting Ricketts from the

office of New Miami fiscal officer and reinstating him as village fiscal officer. After Ricketts filed a motion for summary judgment and the parties submitted evidence, the court of appeals granted Ricketts's motion and denied the writ. The court of appeals also awarded Ricketts $1,231.93 for reasonable attorney fees and expenses incurred by her in responding to Ebbing's motion for declaratory judgment and memorandum in support.

{¶ 7} This cause is now before the court on Ebbing's appeal as of right.

## Analysis

### *Quo Warranto*

{¶ 8} Quo warranto is the exclusive remedy to litigate the right of a person to hold a public office. *State ex rel. Johnson v. Richardson*, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 15. "To be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that relator is entitled to the office." *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 23.

{¶ 9} Mayor Hanes and the New Miami Village Council fired Ebbing without cause pursuant to R.C. 733.262(D), which provides:

> The village fiscal officer may be removed without cause either by the mayor with the consent of a majority of the members of the village legislative authority or by a three-fourths vote of the village legislative authority with or without the consent of the mayor.

{¶ 10} Ebbing asserts that because Mayor Hanes did not remove him from office before the vote of less than three-fourths of the New Miami Village Council, he was not properly removed from office pursuant to R.C. 733.262(D).

**{¶ 11}** We agree, however, with the court of appeals that Ebbing's assertion relies "upon a distinction without a difference":

It is not important whether the support of a majority of council came before or after the mayor's decision to terminate; what is important is that a majority of council supported the mayor's decision. Because the mayor and a majority of council supported [Ebbing's] removal, he is not entitled to the office.

**{¶ 12}** It is uncontroverted that the mayor decided to remove Ebbing as village fiscal officer and that a majority of council members approved of that decision. The mayor then effectuated the removal of Ebbing from the office by ordering his physical removal from the building, barring his return, and appointing Ricketts to the vacant office. Under these circumstances, the court of appeals properly held that Ebbing could not establish either that the office of village fiscal officer is being unlawfully held by Ricketts or that Ebbing is entitled to the office. Therefore, the denial of the requested extraordinary relief in quo warranto was appropriate.

*Motions to Strike*

**{¶ 13}** Ebbing claims that the court of appeals erred in its rulings on various motions to strike filed by the parties. The determination of a motion to strike is within the court's broad discretion. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 23. A court's ruling on a motion to strike will be not reversed on appeal absent an abuse of discretion. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 10. A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. For

the reasons that follow, the court of appeals did not abuse its discretion in its challenged rulings on the motions to strike.

{¶ 14} First, the court of appeals properly denied Ebbing's motion to strike Ricketts's Civ.R. 12(B)(6) motion to dismiss. Although the motion was untimely because it was filed after Ricketts filed an answer, the court of appeals could have treated the motion as a Civ.R. 12(C) motion for judgment on the pleadings. *See Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001) ("A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted"); *State ex rel. Holloman v. Phillips*, 100 Ohio St.3d 70, 2003-Ohio-5063, 796 N.E.2d 524, ¶ 8, fn. 3 (respondent-appellee's "belated Civ.R. 12(B)(6) motion should have been treated as a Civ.R. 12(C) motion for judgment on the pleadings"). And although the motion was ultimately denied as lacking merit, the court of appeals did not abuse its discretion in determining that it need not be stricken.

{¶ 15} Second, the court of appeals did not abuse its discretion in granting Ricketts's motion to strike Ebbing's reply to Ricketts's answer and Ebbing's agreed statement of facts. Notwithstanding R.C. 2733.12, which allows a plaintiff in a quo warranto action to file a reply to an answer, Civ.R. 7(A) specifies that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." *See State ex rel. Yeagley v. Harden*, 68 Ohio St.3d 136, 137, 624 N.E.2d 702 (1993) (court applies Rules of Civil Procedure to quo warranto actions notwithstanding the "archaic pleading references * * * contained in R.C. 2733.12"). And Ebbing's filing titled "Agreed statement of facts and or stipulation of facts" was never agreed to by Ricketts.

{¶ 16} Third, the court of appeals did not abuse its discretion in denying Ebbing's motion to strike Ricketts's motion for summary judgment, affidavits, and exhibits. Ricketts's motion was properly filed and supported by Civ.R. 56(C)

evidence. As the court of appeals concluded, "[t]he existence of opposing affidavits and allegations is not cause for striking a motion for summary judgment."

{¶ 17} Fourth, the court of appeals did not abuse its discretion in denying Ebbing's motion to strike Ricketts's motion to quash Ebbing's subpoenas issued to current and former village council members and Mayor Hanes, or in the alternative, to stay the depositions until a determination of Ricketts's pending motion for summary judgment and Ebbing's motion for sanctions against Ricketts's counsel for filing the motion to quash. Ebbing did not establish that Ricketts's motion was, as he argued in the court of appeals, "impertinent, folly, false, and a sham."

{¶ 18} Therefore, we affirm the court of appeals' rulings on the parties' motions to strike.

*Motion to Stay*

{¶ 19} Ebbing next claims that the court of appeals erred in granting Ricketts's motion to stay the depositions noticed by Ebbing until Ricketts's summary-judgment motion was resolved. Trial court decisions on discovery matters like this are generally reviewed under an abuse-of-discretion standard. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 17.

{¶ 20} A review of the pertinent factors supports the court of appeals' stay. The length of the delay was minimal—less than seven months elapsed from the time that the court of appeals granted the stay until the court granted summary judgment. Ricketts, unlike Ebbing, had neither sought nor been granted any prior continuances, and she did not contribute to any delay. The additional discovery requested by Ebbing was unnecessary to resolve Ricketts's pending summary-judgment motion. *See State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, 853 N.E.2d 657, ¶ 10.

{¶ 21} Therefore, the court of appeals did not abuse its discretion in granting the requested stay of discovery pending its resolution of Ricketts's motion for summary judgment. *See Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-782, 2010-Ohio-416, ¶ 32 ("A trial court acts within its discretion when it grants a stay of discovery pending the resolution of a dispositive motion").

*Motion for Declaratory Judgment*

{¶ 22} Notwithstanding Ebbing's argument to the contrary, the court of appeals acted properly by not granting his motion for declaratory judgment. "[C]ourts of appeals lack original jurisdiction over claims for declaratory judgment." *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 430, 751 N.E.2d 472 (2001); *State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21, ¶ 22.

*Award of Reasonable Attorney Fees and Expenses*

{¶ 23} Finally, Ebbing asserts that the court of appeals erred in granting Ricketts's request for an award of reasonable attorney fees and expenses incurred by her in responding to Ebbing's motion for declaratory judgment and memorandum in support and in awarding Ricketts $1,231.93 in fees and expenses. Ebbing is incorrect when he claims that Ricketts never requested an award of attorney fees and expenses. She specifically requested such an award pursuant to Civ.R. 11 in her motion to strike Ebbing's motion for declaratory judgment and memorandum in support.

{¶ 24} Nevertheless, in cases in which Civ.R. 11 sanctions are imposed, courts have held that an evidentiary hearing is required. *See generally Bikkani v. Lee*, 8th Dist. No. 89312, 2008-Ohio-3130, ¶ 31 ("if an arguable basis exists for an award of sanctions under Civ.R. 11, a trial court must hold a hearing on the motion"); *T.M. v. J.H.*, 6th Dist. Nos. L-10-1014 and L-10-1034, 2011-Ohio-283, ¶ 98 ("It is an abuse of discretion to award attorney fees [under Civ.R. 11 and

R.C. 2323.51] without [an evidentiary] hearing"); *Burnett v. Burnett*, 11th Dist. No. 2010-A-0035, 2011-Ohio-2839, ¶ 26.

**{¶ 25}** Because Ricketts sought and was granted an award of fees and expenses pursuant to Civ.R. 11, the court of appeals erred in imposing sanctions under the rule without holding an evidentiary hearing.

### Conclusion

**{¶ 26}** Therefore, we affirm the judgment of the court of appeals denying the requested extraordinary relief in quo warranto and its rulings on the parties' motions to strike, Ricketts's motion to stay discovery, and Ebbing's motion for declaratory judgment. Because there was no evidentiary hearing, we reverse the portion of the judgment of the court of appeals awarding Ricketts $1,231.93 in attorney fees and expenses incurred by her in responding to Ebbing's motion for declaratory judgment and memorandum in support, and we remand the cause to the court of appeals for further proceedings consistent with this opinion.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Joseph P. Ebbing, pro se.

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, and Scott A. Sollmann, for appellee.

_____