Per Curiam.
{¶ 1} In this quo warranto case, relator, Dick Flanagan, challenges the qualifications of respondent, David Lucas, who was elected to the office of Belmont County sheriff and sworn in on January 7, 2013. Flanagan claims that Lucas did not meet the qualifications to be a candidate for sheriff under R.C. 311.01, because he had not been a full-time peace officer since he retired in October 2007 and had also not held a qualifying supervisory position. Flanagan also asserts that as the only candidate on the ballot in November 2012 who did qualify under R.C. 311.01, he is entitled to the office. In response, Lucas claims that as the losing candidate, Flanagan is not entitled to the office and therefore lacks standing to bring this quo warranto case. He also claims that he did meet the requirements of R.C. 311.01 to be a candidate for sheriff on the 2012 ballot.
{¶ 2} Because Flanagan lacks standing under R.C. 2733.06, we dismiss the cause.

Facts

{¶ 3} At the general election in Belmont County on November 6, 2012, Lucas defeated Flanagan and was elected Belmont County sheriff. Before and after the election, however, Lucas’s candidacy was subject to several challenges by various parties.
*560 {¶ 4} As part of the qualification process under R.C. 311.01, a Belmont County Common Pleas Court judge forwarded candidate applications for Lucas and Flanagan to the Belmont County Board of Elections. On December 19, 2011, the board certified all candidate applications, including Lucas’s and Flanagan’s, for the primary to be held in March 2012.
{¶ 5} On December 23, 2011, the board received a protest from then-sheriff Fred Thompson, a Democrat, challenging the eligibility of Lucas, a Republican, to run for sheriff under R.C. 311.01(B)(8)(a) and 311.01(B)(9)(a). On January 24, 2012, the board dismissed Thompson’s challenge because R.C. 3513.05 allows a protest only by a member of the same political party as the candidate in question. At the general election on November 6, 2012, Lucas defeated Flanagan. On November 27, 2012, the board certified the general-election results.
{¶ 6} On December 14, 2012, the board received two letters protesting Lucas’s qualifications as a candidate for sheriff, one filed by Mark Landers (Flanagan’s counsel) and the other by Gary Landers. On December 17, 2012, the board determined that the protests were invalid and untimely.
{¶ 7} On December 28, 2012, the board received a written request from Flanagan asking that the board investigate Lucas’s qualifications or that it file a complaint for a writ of quo warranto. The board did not act on this request.
{¶ 8} Flanagan also requested that the prosecuting attorney of Belmont County file an action in quo warranto, but the prosecutor also refused.
{¶ 9} Flanagan filed this quo warranto action on February 8, 2013. Flanagan’s complaint asserts that Lucas did not meet the mandatory qualifications of R.C. 311.01 for a candidate for county sheriff. Flanagan asserts that Lucas has unlawfully usurped the office of sheriff, possessing the office contrary to law and the rights of Flanagan.
{¶ 10} Flanagan further asserts that he, as the only person appearing on the ballot in the November 6, 2012 election who satisfied the statutory qualifications, is entitled to the office. Flanagan argues that he is entitled to a writ of quo warranto removing Lucas from office and declaring Flanagan sheriff of Belmont County.
{¶ 11} We issued an alternative writ on June 26, 2013, and the parties submitted evidence and briefs.

Analysis

{¶ 12} Quo warranto is the exclusive remedy to litigate the right of a person to hold a public office. State ex rel. Deiter v. McGuire, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, ¶ 20; see also State ex rel. Ebbing v. Ricketts, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 8, citing State ex rel. Johnson v. Richardson, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 15. In quo *561 warranto, judgment may be rendered on the right of the defendant to hold the contested office and the right of the person alleged to be entitled to hold the office “ ‘or only upon the right of the defendant, as justice requires.’ ” (Emphasis deleted.) Deiter at ¶ 22, quoting R.C. 2733.08.
{¶ 13} “To be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that relator is entitled to the office.” State ex rel. Zeigler v. Zumbar, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 23. Here, Flanagan asserts both that the office is being unlawfully held and exercised by Lucas, and that Flanagan is entitled to the office.
{¶ 14} As to the legality of Lucas’s holding the office, the complaint alleges that Lucas does not meet the requirements of R.C. 311.01(B)(8) and (9). Specifically, Flanagan alleges that Lucas had not held a job as a full-time peace officer within the four years immediately prior to the qualification date (December 7, 2011) and thus failed to meet the qualifications under R.C. 311.01(B)(8)(a). Moreover, Flanagan alleges that Lucas did not have two years of peace-officer supervisory experience in the five years immediately prior to December 7, 2011, and thus failed to meet the requirement under R.C. 311.01(B)(9)(a). In response, Lucas argues that he was a qualified candidate because he met the requirements in R.C. 311.01(B)(8)(a) and 311.01(B)(9)(a).
{¶ 15} Flanagan also asserts that he is entitled to the office because he “lawfully appeared] on the November 6, 2012 ballot as the only duly qualified candidate.” Lucas responds that Flanagan lacks standing to bring this action because he was the losing candidate on the ballot and thus cannot claim in good faith that he is entitled to the office of sheriff.
{¶ 16} We address the standing issue first.
{¶ 17} “Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim.” Kincaid v. Erie Ins. Co., 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9. “A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.” (Emphasis added.) State ex rel. Dallman v. Franklin Cty. Court of Common Pleas, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973), syllabus. “ ‘[T]he inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff.’ ” State ex rel. E. Cleveland Fire Fighters’ Assn., Local 500, Internatl. Assn. of Fire Fighters v. Jenkins, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 11, quoting Sierra Club v. Morton, 405 U.S. 727, 732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).
{¶ 18} An action in quo warranto against a public official must be brought by the attorney general or a prosecuting attorney, R.C. 2733.05, or by a person *562 claiming to be entitled to the public office unlawfully held and exercised by another, R.C. 2733.06. After Flanagan lost the 2012 election, he asked the Belmont County prosecutor to file an action in quo warranto seeking the ouster of the elected Belmont County sheriff, David Lucas, but the prosecutor refused. Flanagan then filed this quo warranto action under R.C. 2733.06, claiming “entitlement to the office of Belmont County sheriff’ as “the only qualified candidate” on the November 6, 2012 ballot.
{¶ 19} R.C. 2733.06 sets forth the standing requirement for a private citizen to file the action. It authorizes a “person claiming to be entitled to a public office unlawfully held and exercised by another” to bring an action in quo warranto.
{¶ 20} In State ex rel. Halak v. Cebula, 49 Ohio St.2d 291, 361 N.E.2d 244 (1977), we set out the two requirements for a relator to bring an action in quo warranto:
“[H]e must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action.” State ex rel. Heer v. Butterfield (1915), 92 Ohio St. 428, 111 N.E. 279, paragraph one of the syllabus; State ex rel. Lindley v. The Maccabees (1924), 109 Ohio St. 454, 142 N.E. 888; State ex rel. Smith v. Nazor (1939), 135 Ohio St. 364, 21 N.E.2d 124.
Id. at 292. We emphasized that the claim of the individual asserting entitlement to the office must be made in “ ‘good faith and upon reasonable grounds.’ ” Id. at 293, quoting State ex rel. Ethell v. Hendricks, 165 Ohio St. 217, 135 N.E.2d 362 (1956), paragraph three of the syllabus.
{¶ 21} The question presented in Halak — whether the relator’s claim to an office was made in good faith and on reasonable grounds — is the same one presented here. In Halak, this court, relying on State ex rel. Haff v. Pask, 126 Ohio St. 633, 186 N.E. 809 (1933); Prentiss v. Dittmer, 93 Ohio St. 314, 327, 112 N.E. 1021 (1916); State ex rel. Sheets v. Speidel, 62 Ohio St. 156, 56 N.E. 871 (1900); and Renner v. Bennett, 21 Ohio St. 431 (1871), observed:
“Where the candidate receiving the highest number of votes is ineligible to election, the candidate receiving the next highest number of votes for the same office is not elected. Only the eligible candidate who receives the highest number of votes for the office for which he stands is elected to such office.”
*563 Halak at 293, quoting Haff at paragraph three of the syllabus. Consequently, we held that the relator did not have standing:
Under these cases, there are clearly no reasonable grounds for the relator’s claim that he is entitled to the respondent’s office. A mere possibility of appointment does not constitute entitlement in any way. Accordingly, the Court of Appeals was correct in its dismissal of the complaint.
(Emphasis added.) Id.
{¶ 22} Therefore, applying Halak and its forebears, we hold that Flanagan has no reasonable grounds to assert entitlement to the office. Flanagan cannot show even the possibility of entitlement to the office of sheriff for two reasons. First, R.C. 305.02 directs that any vacancy in the office of sheriff must be filled by appointment. Second, case law holds that the candidate rejected by the voters is not deemed the officeholder even if the successful candidate is ineligible; therefore, a person so situated does not have reasonable grounds to claim entitlement to the office and thus does not have standing to bring a quo warranto action. Halak, 49 Ohio St.2d at 293, 361 N.E.2d 244.
{¶ 23} This is not to say that a person who brings a quo warranto case in good faith and on reasonable grounds will automatically replace the incumbent if he or she is ousted. We have held that “a relator need not prove his own title beyond all doubt. He need only establish his claim ‘in good faith and upon reasonable grounds.’ ” State ex rel. Hanley v. Roberts, 17 Ohio St.3d 1, 6, 476 N.E.2d 1019 (1985), quoting Ethell, 165 Ohio St. 217,135 N.E.2d 362, at paragraph three of the syllabus. If the relator makes that showing, then the court may render judgment on both the right of the respondent to hold the contested office and the right of the relator to hold the office or it may render judgment on only the respondent’s right to hold the contested office. Halak at 293.
{¶ 24} For example, Hanley involved the fairness of a civil-service promotional exam for chief of police. There, we scrutinized the relator’s claim of entitlement to the office before addressing whether the incumbent lawfully held the position. Quoting Ethell and Halak, we held that the relator need not establish his claim to the position beyond all doubt. He need only establish that his claim was made with good faith and upon reasonable grounds. Hanley at 6.
{¶ 25} Hanley proved that his claim of entitlement to the office was made with good faith and upon reasonable grounds because he scored the second highest on the promotional exam, and the incumbent, who had received the highest score, had had an unfair advantage on the exam. Thus, if the incumbent’s exam score *564 was invalid, Hanley would automatically be entitled to the office. However, we ultimately voided the entire exam. Id. at 7.
{¶ 26} When filing his action in quo warranto in the court of appeals, Hanley had no idea that instead of declaring only the incumbent’s exam score invalid, this court would declare the entire promotional examination void. We noted that if the court had declared only the incumbent’s score invalid, Hanley’s “appointment would be more than a mere possibility. Under the statute, [his] appointment would be a certainty, because he is second on the list of eligibles.” Id. at 7. By this language, we emphasized the importance of a relator’s establishing that his or her claim to be entitled to the office must be made in good faith and upon reasonable grounds. Only after confirming relator’s good-faith claim to the office did this court determine whether the incumbent lawfully held the office.
{¶ 27} Flanagan’s situation is different. Under our precedent, Flanagan had no reasonable grounds for his claim to the office. Halak, 49 Ohio St.2d at 293, 361 N.E.2d 244.
{¶ 28} Because Flanagan lacks standing to bring this quo warranto action, we do not reach the issue of Lucas’s qualifications for office.

Conclusion

{¶ 29} Flanagan, as the losing candidate in the election, has no reasonable grounds to claim entitlement to the office of sheriff, and therefore he lacks standing to prosecute an action in quo warranto. We therefore dismiss the action.
Cause dismissed.
Pfeifer, O’Donnell, and Kennedy, JJ., concur.
French, J., concurs in judgment only.
O’Connor, C.J., and Lanzinger and O’Neill, JJ., dissent.