[Cite as *Bank of New York Mellon v. Reed*, 2014-Ohio-4243.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| THE BANK OF NEW YORK MELLON | : | JUDGES: | |
| | : | Hon. Sheila G. Farmer, P.J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. | |
| | : | | |
| -vs- | : | | |
| | : | | |
| GREGORY REED, ET AL. | : | Case No. 2013 AP 11 0044 | |
| | : | | |
| Defendants-Appellants | : | O P I N I O N | |


CHARACTER OF PROCEEDING:              Appreal from the Court of Common
                                     Pleas, Case No. 2012 CF 07 0633


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    September 25, 2014


APPEARANCES:

For Plaintiff-Appellee                   For Defendants-Appellants

SARAH E. LEIBEL                          TYLER W. KAHLER
3962 Red Bank Road                       P.O. Box 36736
Cincinnati, OH  45227                    Canton, OH  44735

For Tuscarawas County Treasurer          For United States of America

ROBERT R. STEPHENSON II                  LORI WHITE LAISURE
125 East High Avenue                     801 West Superior Avenue
New Philadelphia, OH  44663              Suite 400
                                         Cleveland, OH  44113

*Farmer, P.J.*

{¶1} On July 16, 2012, appellee, The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-21, filed a complaint in foreclosure against appellants, Gregory and Lesha Reed, for failure to pay on a note secured by a mortgage. Appellants failed to file an answer.

{¶2} A bench trial was set for April 30, 2013. On said date, the parties filed an agreed judgment entry and decree in foreclosure wherein appellee agreed to not execute on its judgment for one hundred and twenty days to allow appellants to conclude loss mitigation efforts.

{¶3} On September 16, 2013, after the time period had expired, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B), claiming mistake and/or surprise, fraud and/or misrepresentation, and a meritorious defense. A hearing was held on September 30, 2013. By judgment entry filed October 24, 2013, the trial court denied the motion.

{¶4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DENYING THE MOTION MADE PURSUANT TO CIV.R. 60(B)(1) WHERE THE MOTION WAS TIMELY MADE AND ESTABLISHED MISTAKE AND/OR SURPRISE AND A MERITORIOUS DEFENSE IN THAT (1) THE ASSIGNMENT PURPORTING TO GIVE APPELLEE-PLAINTIFF AN INTEREST IN THE MORTGAGE WAS A FORGERY AND (2) THAT THE PLAINTIFF

LACKS STANDING AND/OR IS NOT THE REAL PARTY IN INTEREST WHERE THE TRANSFEROR ASSIGNING THE MORTGAGE AND NOTE TO BONY WAS MERS, ACTING ON BEHALF OF AMERICA'S WHOLESALE LENDER, A NEW YORK CORPORATION THAT DID NOT EXIST AT THE TIME OF THE PURPORTED ASSIGNMENT."

II

{¶6} "THE TRIAL COURT ERRED IN DENYING THE MOTION MADE PURSUANT TO CIV.R. 60(B)(5) WHERE THE ENFORCEMENT OF A FORGED DOCUMENT AND THE RESULTING LACK OF STANDING, BOTH A MERITORIOUS DEFENSE AND A REASON JUSTIFYING RELIEF, MAKES IT UNJUST FOR THE JUDGMENT TO BE ENFORCED."

III

{¶7} "ALTERNATIVELY, THE TRIAL COURT ERRED WHERE IT FAILED TO CONSTRUE THE MOTION AS A MOTION TO VACATE A VOID JUDGMENT WHERE THE MOTION ATTACKED THE JURISDICTION OF THE TRIAL COURT."

I, II, III

{¶8} Appellants' assignments of error claim the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment. Appellants claim they have proven mistake and/or surprise, fraud and/or misrepresentation, and have established a meritorious defense. Appellants also claim the trial court should have treated their motion as a motion to vacate a void judgment. Consistent with the law developed in this district, we disagree.

{¶9}   A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).  Appellants based their Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect," "fraud***misrepresentation," and "any other reason justifying relief from the judgment."  Civ.R. 60(B)(1), (3), and (5).  In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶10}  Appellants argue they were mistaken and surprised by the effect of the April 30, 2013 agreed judgment entry decree of foreclosure.  In their affidavit attached to their Civ.R. 60(B) motion filed September 16, 2013, appellants averred at paragraphs 4, 5, and 6 the following:

4. On April 30, 2013, we were presented a document by the lawyers for The Bank of New York Mellon that we believed was an agreement to give us 120 days to attempt to complete the foreclosure prevention process with ESOP.

5. We believed, based upon the representation made by the lawyers for The Bank of New York Mellon, that the agreement was simply for more time before moving the case forward.

6. If we had known that the agreement was giving The Bank of New York Mellon a final judgment that would allow them to sell our house, we never would have signed it.

{¶11} The agreement was executed on the day of the scheduled bench trial. As the transcript illustrates, appellee agreed not to execute on the judgment for one hundred and twenty days to permit appellants to "wrap-up some loss mitigation efforts that they've been working on." T. at 3. The trial court noted "when we hear the word execute sometimes we think of something really dramatic, but, I'm sure counsel's already explained to you that that simply means they wouldn't proceed with collecting on the judgment, which is essentially selling the property." *Id.* Appellant Gregory Reed responded "Yes your honor." *Id.* The trial court then specifically explained the final nature of the agreement (T. at 3-4):

THE COURT: Okay. And I guess I want to make sure that you understand that, that would be a final order of this Court and the only other

thing that may come out of this Court is, after the one hundred and twenty days, if the creditor is not satisfied with whatever you've resolved between you or with the property in the meantime, if they choose to then execute on it, there may be some other order of sale coming out of the Court at that time or some other orders relative to a sale that could come from the Court at that time. But it would not mean we would come back for another trial. And do you both understand that?

{¶12} Both appellants acknowledged their understanding and signed the agreement. T. at 4. The agreement specifically stated the allegations in the complaint were true, appellee was entitled to a decree of foreclosure, and the Sheriff shall sell the property if the required payments were not made.

{¶13} In its October 24, 2013 denial of appellants' claims under Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect," the trial court found "there was no misrepresentation of the Agreed Judgment Entry and Decree of Foreclosure." Based upon the transcript and appellants' affirmations, we agree with the trial court's conclusion.

{¶14} The trial court also found because appellants were in default for failing to file an answer, "the claim of a meritorious defense is not well taken."

{¶15} In their Civ.R. 60(B) motion, appellants claimed their meritorious defense was that the trial court lacked subject matter jurisdiction as appellee had no standing to initiate the action because the document purporting to assign an interest of the subject property from America's Wholesale Lender to appellee appears to be a forgery.

Although the note was endorsed in blank, appellants claimed America's Wholesale Lender did not exist under the laws of New York at the time of the assignment. In support of their arguments, appellants cite the case of *Federal Home Loan Mortgage Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017. We note by consenting to the agreement judgment entry decree in foreclosure, appellants assented to the jurisdiction of the trial court. Now, in the thirteenth hour, they seek to attack the judgment as void.

{¶16} In *Chase Home, LLC v. Lindenmayer,* 5th Dist. Licking No. 13-CA-66, 2014-Ohio-1041, ¶ 8, this court held the following:

This Court has held, post *Schwartzwald,* the issue of standing does not deprive the trial court of subject matter jurisdiction to decide a foreclosure action. This Court has previously held the failure of a defendant to challenge the issue of standing via direct appeal results in a subsequent motion to vacate based thereon to be barred by *res judicata.* See, *Wells Fargo Bank, NA v. Elliott,* 5th Dist. App. No. 13CAE030012, 2013-Ohio-3690; and *Wells Fargo Bank, N.A. v. Arlington,* 5th Dist. App. No. 13CAE030016, 2013-Ohio-4659.

{¶17} Thus, lack of standing does not deprive a trial court of subject matter jurisdiction as the issue is an affirmative defense. Further, a lack of standing does not constitute fraud under Civ.R. 60(B)(3) or (5). *Wells Fargo Bank, N.A. v. Brandle,* 2nd

Dist. Champaign No. 2012CA0002, 2012-Ohio-3492; *U.S. Bank, N.A. v. Kapitula,* 12th Dist. Clermont No. CA2012-08-058, 2013-Ohio-2638.

{¶18} It is conceded that the exact question of the validity of a post-judgment motion to vacate on lack of standing is currently before the Supreme Court of Ohio on a certify conflict in *Bank of America, N.A. vs. Kuchta,* Sup.Ct. No. 2013-304 ("[w]hen a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment?").

{¶19} Appellants also argue the dicta in Justice French's opinion in *ProgressOhio.org, Inc. v. JobsOhio,* ___ Ohio St.3d ___, 2014-Ohio-2382, ¶ 11, warrants a reversal on the issue of standing:

> Nor could we. The Ohio Constitution expressly requires standing for cases filed in common pleas courts. Article IV, Section 4(B) provides that the courts of common pleas "shall have such original jurisdiction over all *justiciable matters*." (Emphasis added.) A matter is justiciable only if the complaining party has standing to sue. *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41 ("It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy"). Indeed, for a cause to be justiciable, it must present issues that have a "direct and immediate" impact on the plaintiffs. *Burger Brewing Co. v. Liquor Control Comm., Dept. of Liquor Control,* 34 Ohio St.2d 93, 97-98, 296 N.E.2d 261 (1973). Thus, if a common pleas court proceeds in an action in which the

plaintiff lacks standing, the court violates Article IV of the Ohio Constitution. Article IV requires justiciability, and justiciability requires standing. These constitutional requirements cannot be bent to accommodate *Sheward* [*State ex rel. Ohio Academy of Trial Lawyers v. 86 Ohio St.3d 451 (1991)*].

{¶20} However, in *Groveport Madison Local Schoold Bd. of Edn. v. Franklin County Bd. of Revision,* 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 25, Justice French wrote "[l]ack of standing, on the other hand, challenges a party's capacity to bring an action, not the subject-matter jurisdiction of the tribunal." In *State ex rel. Flanagan v. Lucas,* 139 Ohio St.3d 559, 2014-Ohio-2588, the Supreme Court of Ohio in a per curiam opinion at ¶ 17 (Justice French concurring in judgment only), quoted the following from *State ex rel. Dallman v. Franklin County Court of Common Pleas,* 35 Ohio St.2d 176 (1973), syllabus: " 'A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' "

{¶21} It is undisputed that the subject note was endorsed in blank; therefore, appellee is the holder of the note. Appellants question whether appellee possessed the original note as opposed to a photocopy when the complaint was filed. However, appellants signed an agreed judgment entry decree in foreclosure thereby forestalling any litigation or dispute on the validity of the note.

{¶22} In *Bank of New York Mellon Trust Co., N.A. v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296, we adopted the legal philosophy that the note follows the mortgage:

We find this case is analogous to *Central Mtge Co. v. Webster,* 5th Dist. No.2011 CA00242, 2012-Ohio-4478, 978 N.E.2d 962, in which Central Mortgage was the current holder of the note, but could not establish it was the holder of the mortgage through the assignment of mortgage. However, because the mortgage follows the note it secures, we found Central Mortgage to be a real party in interest. *Id.* As noted in the *Central Mtge. Co.* case, *Kuck v. Sommers,* 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75 (3rd Dist.1950) holds: "[w]here a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." This Court has consistently relied on *Kuck v. Sommers* to find the holder of the note is the real party in interest entitled to pursue its rights under the note and mortgage. *See Central Mtge. Co., LaSalle Bank Nat'l. Assn. v. Street,* 5th Dist. No. 08CA60, 2009-Ohio-1855, *Bank of New York v. Dobbs,* 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742, *Duetsche Bank Nat'l. Trust Co. v. Hansen,* 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223, *2010-1 CRE Ventures, LLC v. Costanzo,* 5th Dist. No. 11 CAE 01003, 2011-Ohio-3530. Other appellate courts and the Sixth District Court of Appeals have

utilized *Kuck v. Sommers* to find the holder of the note, in the absence of evidence of the assignment of mortgage, is the real party in interest. *U.S. Bank Nat'l. Assn. v. Marcino,* 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.) (stating Ohio courts have "held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the obligation" and negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered, and finding the Uniform Commercial Code, as adopted in Ohio, supports the conclusion that the owner of a promissory note should be recognized as the owner of the related mortgage); *U.S. Bank v. Coffey,* 6th Dist. No. E-11-026, 2012-Ohio-721 (alleged assignee of the mortgage which could not provide evidence of the assignment of mortgage but could demonstrate possession of the promissory note was the real party in interest).

{¶23} Based upon this district's law, the post-judgment challenge under Civ.R. 60(B) is barred by res judicata. Upon review, we find the trial court did not err in denying the motion.

{¶24} Assignments of Error I, II and III are denied.

{¶25}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.


SGF/sg 902