[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neal v. Mandros*, Slip Opinion No. 2020-Ohio-4866.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4866

THE STATE EX REL. NEAL, APPELLANT, *v.* MANDROS, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neal v. Mandros*, Slip Opinion No. 2020-Ohio-4866.]

*Mandamus—Inmate's request for judicial release does not state a valid claim for a writ of mandamus—Court of appeals' dismissal of complaint affirmed.*

(No. 2020-0322—Submitted August 4, 2020—Decided October 14, 2020.)

APPEAL from the Court of Appeals for Lucas County, No. L-20-1030.

_____

**Per Curiam.**

{¶ 1} Appellant, Larry Neal, an inmate at the North Central Correctional Complex, sought a writ of mandamus to compel appellee, Lucas County Court of Common Pleas Judge Dean Mandros, to grant him judicial release from prison under R.C. 2929.20. The Sixth District Court of Appeals sua sponte dismissed Neal's complaint. We affirm.

**Background**

**{¶ 2}** Judge Mandros sentenced Neal in September 2018 to four years in prison after Neal pleaded guilty to trafficking in heroin. Neal alleges that at the end of the sentencing hearing, Judge Mandros told him he would be inclined to grant a motion for judicial release after Neal had served six months of his sentence. Neal concedes that the sentencing-hearing transcript does not contain this alleged statement by Judge Mandros.

**{¶ 3}** After serving nearly eight months of his four-year sentence, Neal filed a motion for judicial release under R.C. 2929.20(C)(2). Neal's motion did not mention the alleged statement by Judge Mandros at the sentencing hearing that he would be inclined to grant judicial release. Judge Mandros denied the motion, noting Neal's eight prior felony convictions and an institutional-report summary indicating that Neal had been involved in a fight with another inmate.

**{¶ 4}** In January 2020, Neal filed this mandamus action in the Sixth District. Neal alleged that Judge Mandros's reasons for denying judicial release were erroneous because Neal has only three prior felony convictions and was only defending himself in his fight with the other inmate. Neal further alleged that Judge Mandros should be bound to "keep [his] word" that he would grant judicial release. Neal demanded a writ of mandamus ordering Judge Mandros to grant judicial release under R.C. 2929.20.[1]

**{¶ 5}** The Sixth District sua sponte dismissed Neal's complaint. The court held that Neal had failed to state a claim for relief in mandamus because the grant or denial of judicial release is within the discretion of the trial-court judge. At best,

---

1. In the alternative, Neal requested either (1) a writ of mandamus ordering Judge Mandros to reconsider judicial release based on the facts presented in the complaint or (2) a writ of mandamus ordering that "the record be corrected" to state that Neal has three prior felony convictions, not eight. The Sixth District did not rule on either of these alternative requests, and Neal does not develop any argument specific to them in this appeal.

the court noted, Neal could hope to show only that Judge Mandros abused his discretion in denying judicial release, which is not a proper basis for granting a writ of mandamus. *See* R.C. 2731.03.

{¶ 6} Neal has timely appealed to this court as of right.

**Analysis**

{¶ 7} Neal first argues that the Sixth District's judgment should be reversed because the court dismissed his complaint sua sponte. Neal contends that he complied with notice-pleading standards and that the sua sponte dismissal deprived him of the chance to litigate his case and satisfy the requirements for obtaining a writ of mandamus.

{¶ 8} The Sixth District's sua sponte dismissal is not a per se basis for reversal. Sua sponte dismissal of a mandamus complaint is appropriate "only 'when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 12, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14; *accord State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7. Thus, the relevant inquiry is whether, after presuming the truth of all material factual allegations of Neal's complaint and making all reasonable inferences in his favor, it is beyond doubt that he could prove no set of facts entitling him to a writ of mandamus. *See Scott* at ¶ 14. For the reasons detailed below, dismissal of Neal's complaint was warranted.

{¶ 9} To obtain a writ of mandamus, Neal must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Mandros to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *Bunting* at ¶ 10. The Sixth District determined that Neal did not have a clear legal right to judicial release and that Judge Mandros did not have a clear legal duty to grant Neal's motion for it. But dismissal of Neal's mandamus claim for judicial

release was warranted for a different reason: habeas corpus, rather than mandamus, is the proper action to seek release from prison, *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, ¶ 4.

{¶ 10} In *Rowe*, an inmate filed a petition for a writ of mandamus, seeking to compel the trial-court judge to release him from prison pursuant to a plea agreement that he claimed the court had breached by not releasing him. The court of appeals dismissed the mandamus complaint on the basis that Rowe had failed to comply with R.C. 2969.25's affidavit requirement when filing his mandamus action. This court determined that the court of appeals' rationale was erroneous but nevertheless affirmed, concluding that dismissal was warranted because a petition for a writ of habeas corpus, not a writ of mandamus, is the proper vehicle for seeking release from prison. *Id.*

{¶ 11} Our decision in *Rowe* is applicable here. Neal seeks a writ of mandamus to compel his release from prison when the proper writ for that purpose is a writ of habeas corpus. Neal therefore has failed to state a valid claim for a writ of mandamus. We affirm the dismissal of Neal's mandamus complaint, albeit for reasons different from those expressed by the Sixth District. *See Agee v. Russell*, 92 Ohio St.3d 540, 548, 751 N.E.2d 1043 (2001) (affirming denial of writ of habeas corpus for reasons different from those of the court of appeals).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Larry Neal, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

_____