[Cite as *State ex rel. Crenshaw v. Hemmons-Taylor*, 2023-Ohio-1379.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL MARIAH CRENSHAW, :

    Relator, :

                                 No. 112602

    v. :

WILLA MAE HEMMONS-
TAYLOR, ET AL., :

                                      :

    Respondent.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINTS DISMISSED
**DATED:** April 21, 2023

---

Writs of Quo Warranto and Mandamus
Order No. 563593

---

### *Appearances:*

Mariah Crenshaw, *pro se.*

Willa Hemmons, East Cleveland Director of Law, and
Heather McCollough, Assistant Director of Law, *pro se.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Relator, Mariah Crenshaw, seeks a writ of quo warranto or, in the alternative, mandamus to remove respondents, Willa Mae Hemmons-Taylor and Heather McCullough, from positions of law director and assistant law

director/prosecutor for the city of East Cleveland, respectively. Crenshaw claims that respondents do not validly hold these positions. However, because relator lacks standing to maintain an action in quo warranto and what she seeks is in essence a declaratory judgment with injunction, we sua sponte dismiss the complaint and amended complaint.

## I. Background

{¶ 2} On April 7, 2023, Crenshaw filed a "verified complaint for writ of quo warranto and injunction to cease engaging in representing the city of East Cleveland for multiple violations of the [East Cleveland] City Charter." The complaint includes allegations that respondents have engaged in actions that violate the city charter, were never validly appointed to the positions they claim to hold, are not qualified to hold their claimed positions, and have engaged in activity that has harmed relator through their representation of the city of East Cleveland. The complaint sought to have this court interpret provisions of the city charter and ordinances and declare respondents unable to hold their claimed positions.

{¶ 3} On April 11, 2023, this court ordered relator to show cause why the case should not be dismissed for lack of standing and stayed the case pending the outcome of briefing. In response, relator filed a brief arguing that she possessed the requisite standing to maintain the action and filed an amended complaint where she added a claim for relief in mandamus. In her amended complaint, relator asks this court:

1. To require "respondents" to provide this court with legal authorit(ies) which allows them to engage in legal representation on behalf of the residents of the city of East Cleveland, and

2. To determine the correct language of the city of East Cleveland Charter, and

3. To issue an order for "respondents" to immediately vacate the office(s) and to return any compensation they have received from the city of East Cleveland as of at least January 26, 2023.

{¶ 4} Respondents filed a brief on April 12, 2023, styled "motion to dismiss for lack of standing." There, they argued that relator lacked standing and requested that the action be dismissed.

## II. Law and Analysis

### A. Standard for Sua Sponte Dismissal of a Complaint

{¶ 5} An original action is subject to dismissal without notice and on the court's own initiative where the claims are frivolous or "'"the claimant obviously cannot prevail on the facts alleged in the complaint."'" *State ex rel. Neal v. Mandros*, 162 Ohio St.3d 154, 2020-Ohio-4866, 164 N.E.3d 418, ¶ 8, quoting *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 12, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. A court must presume as true all material allegations of the complaint and make all reasonable inference in favor of the relator. *Id.*, citing *Scott* at ¶ 14. After doing so, a complaint is subject to sua sponte dismissal if it is beyond doubt that relators could prove no set of facts entitling them to a writ. *Id.*

## B. Requirements for Quo Warranto and Mandamus

{¶ 6} A writ of quo warranto "is the exclusive remedy to litigate the right of a person to hold a public office." *State ex rel. Flanagan v. Lucas*, 139 Ohio St.3d 559, 2014-Ohio-2588, 13 N.E.3d 1135, ¶ 12, citing *State ex rel. Deiter v. McGuire,* 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, ¶ 20. *See also State ex rel. Ebbing v. Ricketts,* 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 8, citing *State ex rel. Johnson v. Richardson,* 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 15.

{¶ 7} An action for writ of quo warranto is primarily an action that belongs to the state. R.C. 2733.04 and 2733.05 specify that a writ of quo warranto must be brought by the state attorney general or a prosecuting attorney of the state. However, a private individual may bring an action for writ of quo warranto under certain circumstances. R.C. 2733.06 sets forth the standing requirements for an individual bringing an action sounding in quo warranto. *Flanagan* at ¶ 19. It provides that "[a] person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs." R.C. 2733.08 adds:

> When an action in quo warranto is brought against a person for usurping an office, the petition shall set forth the name of the person claiming to be entitled to the office, with an averment of his right thereto. Judgment may be rendered upon the right of the defendant, and also on the right of the person averred to be so entitled, or only upon the right of the defendant, as justice requires.

{¶ 8} The Supreme Court of Ohio has interpreted these statutes to require a private individual bringing a claim for writ of quo warranto to show two things: A good-faith belief that the relator is entitled to the public office and the respondent is unlawfully holding the disputed public office. *Id.* at ¶ 20, quoting *State ex rel. Halak v. Cebula*, 49 Ohio St.2d 291, 361 N.E.2d 244 (1977), citing *State ex rel. Heer v. Butterfield*, 92 Ohio St. 428, 111 N.E. 279 (1915), paragraph one of the syllabus; *State ex rel. Lindley v. The Maccabees*, 109 Ohio St. 454, 142 N.E. 888 (1924); *State ex rel. Smith v. Nazor*, 135 Ohio St. 364, 21 N.E.2d 124 (1939).

{¶ 9} A writ of mandamus may issue where a relator establishes by clear and convincing evidence that the relator has a clear legal right to the relief requested, respondent has a clear legal duty to provide that relief, and relator lacks any other adequate remedy in the ordinary course of the law. *State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, 40 N.E.3d 1132, ¶ 10, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The legal duty must be unequivocal and without any discretion on the part of the respondent. *State ex rel. McElroy v. O'Donnell*, 8th Dist. Cuyahoga No. 111752, 2022-Ohio-3240, ¶ 13, citing *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 205, 614 N.E.2d 827 (4th Dist.1992).

## C. Standing for Quo Warranto

{¶ 10} A court is required to determine that a claimant has the requisite standing to bring an action before addressing the merits. *Flanagan*, 139 Ohio St.3d 559, 2014-Ohio-2588, 13 N.E.3d 1135, at ¶ 17. Whether a party has standing to

institute an action seeks to determine whether the claimant bringing the action is the real party in interest. "The concept of 'standing' involves whether the plaintiff to a civil action has alleged such a personal stake in the outcome of the controversy that he or she is entitled to have a court hear the case." *Progressive Macedonia, LLC v. Shepherd*, 11th Dist. Trumbull No. 2020-T-0036, 2021-Ohio-792, ¶ 59, citing *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, 964 N.E.2d 414, ¶ 15.

{¶ 11} In *Flanagan*, the Supreme Court of Ohio determined that to have standing a private individual requesting a writ of quo warranto must have a good-faith belief that he or she is entitled to the disputed office. *Id*. at ¶ 22-23. Without a claim that the relator is entitled to hold the disputed office, a relator lacks standing to bring and maintain the action. *Id*. at ¶ 29.

{¶ 12} *Flanagan* involved the results of a contested sheriff election. The losing candidate brought a complaint for writ of quo warranto, arguing that the winning candidate did not have the requisite qualifications to serve as sheriff under R.C. 311.01. *Id*. at ¶ 1. The *Flanagan* Court did not reach the merits of this claim. Instead, it held that as the loser of an election, the claimant had no good-faith belief that he was entitled to hold the office. *Id*. at ¶ 27.

{¶ 13} Here, Crenshaw does not claim that she is entitled to hold the position of law director or assistant or deputy law director for the city of East Cleveland. She has specifically acknowledged this in her briefing to this court. Without such a claim, courts have sua sponte dismissed complaints for writs of quo warranto. *See, e.g., State ex rel. Baker v. Fox*, 5th Dist. Tuscarawas No. 2022 AP 01 0002,

2022-Ohio-667 (complaint sua sponte dismissed where relator did not assert good-faith belief that they were entitled to hold the position).

{¶ 14} Relator asks this court to adopt the view of the dissenting justices in *Flanagan*, 139 Ohio St.3d 559, 2014-Ohio-2588, 13 N.E.3d 1135, and find that relator possesses standing in this action. However, an appellate court is not free to disregard binding precedent of the Supreme Court of Ohio and adopt an interpretation of the law expressed by a minority of justices. *Delost v. Ohio Edison Co.*, 7th Dist. Mahoning No. 10 MA 162, 2012-Ohio-4561, ¶ 19. This court is bound to follow the holding of the majority in *Flanagan* and find that relator lacks standing.

{¶ 15} Relator, at several places, argues that she has standing as a taxpayer to initiate and maintain suit. For instance, she asserts

> "[r]elator" does not claim [a] right to the specific public offices which "respondents" occupy but is a taxpayer who has a right to challenge persons who are unlawfully holding public offices and receiving public tax dollars they are not entitled to. A reasonable mind can conclude there is a good faith standing [sic] to establish legal standing in this unique situation.

{¶ 16} The Supreme Court of Ohio has stated that taxpayers lack standing to pursue claims in quo warranto. *State ex rel. Cater v. N. Olmsted*, 69 Ohio St.3d 315, 322, 631 N.E.2d 1048 (1994), citing *State ex rel. Annable v. Stokes*, 24 Ohio St.2d 32, 262 N.E.2d 863 (1970). *See also Esarco v. Brown*, 7th Dist. Mahoning No. 08 MA 47, 2008-Ohio-4517, ¶ 7 (rejecting a similar claim that a relator had standing in quo warranto as a "resident, taxpayer, and registered elector" to seek the removal of

a member of Youngstown City Council).   Relator's arguments provide no basis for this court to find that she has standing to seek the removal of a law director, assistant law director, or city prosecutor for the city of East Cleveland.[1]

{¶ 17} The facts as alleged in the complaint and amended complaint, taken as true, show beyond doubt that relator lacks standing to maintain the instant complaint for writ of quo warranto.  Therefore, we sua sponte dismiss the request for writ of quo warranto in the complaint and amended complaint.

### D. Jurisdiction for Mandamus

{¶ 18} In her amended complaint, relator also seeks a writ of mandamus where she requests that this court interpret the language or validity of certain codified ordinances of the city of East Cleveland and declare whether respondents have been validly appointed to and are qualified for their positions.  Relator also seeks an injunction that prohibits respondents from acting as lawyers for the city of East Cleveland, including several cases in which relator is a party.  Finally, she asks this court to order respondents to return money they have received from this allegedly improper representation from the time of an East Cleveland City Council resolution that declared the position of law director and prosecutor vacant.[2]

---

[1] Relator also does not appear to be a resident of East Cleveland, Ohio, the municipality she alleges employs respondents.  Relator lists a Cleveland, Ohio address for herself in her complaint and amended complaint.

[2] Relator's complaint includes quotations from the East Cleveland City Charter that indicates that the mayor, not city council, has authority to remove certain directors of offices within the city.

{¶ 19} No matter how these are labeled, the thrust of relator's claims sound in quo warranto. "'[I]t is well settled that "quo warranto is the exclusive remedy by which one's right to hold a public office may be litigated."'" *Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 23, quoting *State ex rel. Deiter v. McGuire*, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, ¶ 20, quoting *State ex rel. Battin v. Bush*, 40 Ohio St.3d 236, 238-239, 533 N.E.2d 301 (1988). As stated above, relator lacks standing to assert these claims in quo warranto and she may not avoid this standing requirement by retitling her request for relief.

{¶ 20} To the extent these claims do not sound in quo warranto, they seek declaratory judgment and associated injunctive relief. "It is axiomatic that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.'" *State ex rel. Obojski v. Perciak,* 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 13, quoting *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634, 716 N.E.2d 704 (1999). In making this determination, courts should look to whether the complaint seeks to prevent rather than compel official action. *Id.*, quoting *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.*, 42 Ohio St.3d 164, 166, 538 N.E.2d 105 (1989).

{¶ 21} Here, relator seeks a declaration from this court that certain provisions of East Cleveland City Charter were or were not validly enacted, a determination of which provisions apply to the position of city law director, and a

declaration whether respondents are qualified to hold their respective positions. Relator also asks this court to enjoin respondents from acting in their respective positions and to return money the city of East Cleveland has paid them. These claims do not sound in mandamus. Relator has not identified clear legal duties that are imposed on respondents, the performance of which relator seeks to compel. Relator, generally, alleges that respondents have violated provisions of the East Cleveland City Charter. Mandamus may not be used to compel an official to generally comply with laws or rules. *State ex rel. Kuczak v. Saffold*, 67 Ohio St.3d 123, 616 N.E.2d 230 (1993).

{¶ 22} While styled as a claim for mandamus, to the extent relator's allegations do not sound in quo warranto, relator clearly asks for declaratory judgment and prohibitory injunction. This court lacks the requisite jurisdiction as outlined in the Ohio Constitution to grant the requested relief. *State ex rel. Swopes v. McCormick*, 8th Dist. Cuyahoga No. 110860, 2022-Ohio-306, ¶ 19, citing *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953; *State ex rel. Obojski*; *State ex rel. Grendell*.

{¶ 23} For these reasons, relator's request for writ of mandamus must be dismissed.

## III. Conclusion

{¶ 24} For the reasons stated above, relator lacks standing to bring an action in quo warranto. Relator's request for writ of mandamus must be dismissed because this court does not have jurisdiction over claims for declaratory judgment. Relator's

complaint and amended complaint are therefore sua sponte dismissed. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 25} Complaints dismissed.


_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
SEAN C. GALLAGHER, J., CONCUR