OPINION
{¶ 1} Defendant-appellant, Dale G. Becker, appeals the decision of the Clermont County Court of Common Pleas denying his motion to vacate void judgment.
 {¶ 2} In 1991, appellant pled guilty to charges of gross sexual imposition and sexual battery. Judge John L. Watson of the Clermont County Court of Common Pleas accepted his plea and sentenced him accordingly. On December 21, 2004, appellant filed a motion to vacate void judgment. Appellant claimed that the trial court did not have subject matter jurisdiction to convict and sentence him in 1991 because Judge Watson failed to take an oath of office for the years 1990-1991 in violation of R.C. 3.22,3.23, 1907.14(A), and Section 7, Article XV of the Ohio Constitution. As evidence, appellant attached to his motion the letter he sent to the Clermont County Clerk of Courts requesting a copy of Judge Watson's oath of office "for the years of 1990 and 1991." The Clerk returned the letter with the following hand-written statement: "Did not have an oath in the year 1990-1991."[1]
 {¶ 3} Construing appellant's motion as a petition for postconviction relief, the trial court overruled the motion on the ground it was untimely filed. Alternatively, the trial court found that even if it had jurisdiction to consider appellant's motion, it was without merit because "the current unavailability of the oath of Judge Watson, who left office in 1994 and died in 2003, is not proof that it was of record when he held office." This appeal follows.
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred by treating his motion as a petition for postconviction relief because it challenged the trial court's subject matter jurisdiction, which can be challenged at any time.
 {¶ 5} It is well-established that it is the substance of a motion, not the caption, that determines the nature of a motion. See In re Adoption of Goldberg (Sept. 17, 2001), Warren App. Nos. CA2001-04-026 and CA2001-05-047. If the trial court was without subject matter jurisdiction of appellant's case in 1991, his conviction and sentence would be void ab initio and appellant could raise the issue at any time. State ex rel. Haussler v.Walker, Clermont App. No. CA2002-01-004, 2002-Ohio-3882, ¶ 11-12. Appellant's motion, however, despite its caption and appellant's characterization of his challenge, did not attack the subject matter jurisdiction of the trial court. Rather, it merely challenged the authority of Judge Watson to act within that jurisdiction. See State v. Cataraso, Ross App. No. 01CA2636, 2002-Ohio-3211.
 {¶ 6} The confusion arises from the distinction between subject matter jurisdiction and "exercise of jurisdiction." Subject matter jurisdiction focuses on the court as the proper forum to hear cases, such as municipal court, common pleas, or juvenile court. If a subject case falls within the class of cases over which the court has subject matter jurisdiction, it is properly before the court. The exercise of jurisdiction, on the other hand, "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." Haussler at ¶ 11. At the trial court level, jurisdiction of criminal cases (other than minor misdemeanors) is vested in the court of common pleas. R.C.2931.03. Because appellant was charged with felonies, not minor misdemeanors, the trial court had subject matter jurisdiction over his case in 1991. See State v. Lutz, Clermont App. No. CA2000-09-071, 2001-Ohio-8640.
 {¶ 7} We therefore find that the trial court did not err by treating appellant's motion as a petition for postconviction relief and by overruling it as untimely filed. See Cataraso;State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. Appellant's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, appellant argues that the trial court erred when it denied his motion without addressing its merits. Appellant asserts that since, according to the Clermont County Clerk of Courts, Judge Watson "did not have an oath in the year 1990-1991" in violation of the Ohio Revised Code and Ohio Constitution, "there never was any oath of office for Watson," and Judge Watson had no authority to convict and sentence him. Instead, Judge Watson "was nothin [sic] but a guy masquerading in a black robe[.]" Appellant's argument assumes that a judge must take an oath of office every year of the term the judge is in office. Appellant is mistaken.
 {¶ 9} R.C. 1907.04(A) requires a judge to take an oath of office as provided in R.C. 3.23. Section 7, Article XV of the Ohio Constitution provides that "every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath * * * to support the Constitution of the United States, and of this state, and also an oath of office." R.C. 3.22 likewise requires "each person chosen or appointed to an office" in Ohio to "take an oath of office before entering upon the discharge of his duties." R.C. 3.23 sets forth the substance of the oath.
 {¶ 10} As the foregoing provisions clearly show, a judge is required to take an oath of office only once during his or her term, that is, "before entering upon the discharge of its duties," or in plain English, at the very beginning of his or her term. The fact that appellant's letter was returned by the Clermont County Clerk of Courts with the note "did not have an oath in the year 1990-1991," does not mean or prove that Judge Watson never took an oath of office before becoming a judge for the Clermont County Court of Common Pleas. In fact, we have in the record before us a copy of a letter sent to appellant by the Clermont County Clerk of Courts in August 2005 and filed with the Clermont County Court of Appeals Clerk. Attached to the letter is a photocopy of a certified copy of Judge Watson's judicial oath of office. Such oath of office is a public record. As a result, we take judicial notice that Judge Watson took an oath of office on December 22, 1988 in compliance with the Ohio Revised Code and Ohio Constitution, and prior to the time Judge Watson convicted and sentenced appellant.
 {¶ 11} To quote appellant, Judge Watson was therefore more that just a guy in a black robe. In fact, Judge Watson had the authority to convict and sentence appellant in 1991. Appellant's second assignment of error is accordingly overruled.
 {¶ 12} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] Appellant raised that same argument in 2004 in a petition for a writ of habeas corpus filed in the Ross County Court of Common Pleas. The denial of his petition was upheld by the Fourth Appellate District on September 13, 2005 in Becker v. Hurley,
Ross App. No. 04CA2810, 2005-Ohio-4950.