**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nguyen v. Lawson*, Slip Opinion No. 2025-Ohio-507.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-507

THE STATE EX REL. N[GUY]EN ET AL., APPELLANTS, *v.* LAWSON ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nguyen v. Lawson*, Slip Opinion No. 2025-Ohio-507.]**

*Quo warranto—The burden to prove that laches applies generally falls on the party asserting the defense—Court of appeals erred in placing on relators-appellants the burden to prove that they had acted with the utmost diligence in asserting their claims—Quo warranto cases do not involve the election deadlines that justify shifting the burden of proving unreasonable delay from the respondent to the relator—Relators-appellants' complaint does not conclusively show that laches applies—Court of appeals' dismissal of complaint on basis of laches reversed and cause remanded.*

(No. 2024-0960—Submitted January 7, 2025—Decided February 20, 2025.)

APPEAL from the Court of Appeals for Athens County, No. 24CA11.

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellants, Margarita Nguyen and Carol Powell, filed a complaint for a writ of quo warranto in the Fourth District Court of Appeals against appellees, Opha Lawson, Tony Dunfee, and Gregg Clement. Nguyen claims that she is the duly elected president of the Nelsonville City Council, that her position as a council member is being unlawfully held by Lawson, and that her position as council president is being unlawfully held by Clement. And Powell claims that she is a duly appointed city-council member and that Dunfee is unlawfully holding her position. Nguyen and Powell requested a writ of quo warranto declaring that they are entitled to the positions and ousting appellees from the positions. Appellees filed a motion to dismiss, which the court of appeals granted on the basis of laches.

{¶ 2} Because the court of appeals erred in dismissing the case on the basis of laches, we reverse the judgment and remand the case to that court for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Because Nguyen and Powell appeal from the court of appeals' judgment granting appellees' motion to dismiss, we presume that the factual allegations in the complaint are true. *See State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 19.

### A. Nguyen's claim

{¶ 4} Nelsonville is a city in Athens County. Its city charter provides for a city council consisting of seven members elected to four-year terms.

{¶ 5} Nguyen was elected to a full term on city council in November 2023 and was sworn in on December 4. In January 2024, the council elected her council president.

**{¶ 6}** On February 17, Nguyen sent the other council members an email saying that she was resigning from the council. The body of her email read in full:

> I hereby tender my resignation as council president and as council member altogether. I am done fighting a useless fight. You can thank John [sic] Flowers [a fellow council member] for my resignation.
>
> I will not be attending any other meetings. I am done!!!

**{¶ 7}** The next morning, Nguyen sent the other council members an email stating that she was rescinding her resignation. There is no indication in the record that anyone responded to Nguyen's resignation email before she sent the rescission email. However, on February 25, three council members replied separately to Nguyen's rescission email. The three council members all generally indicated that they had accepted her resignation and would not accept the rescission.

**{¶ 8}** Nguyen presided as president over council meetings held on February 26, March 11, March 18, and March 25. The complaint describes votes she cast at the March 11 meeting. At the March 25 meeting, Councilman Clement asked her to leave and the clerk did not read her name at roll call, but she stayed and, according to the complaint, "was acknowledged as President by her fellow Council members." Meanwhile, Nguyen and Powell allege, on March 13, three council members unlawfully appointed Clement council president. And on March 21, Nguyen and Powell allege, four council members unlawfully appointed Lawson to Nguyen's council seat.

**{¶ 9}** The council held a meeting on April 8, but Nguyen was out of town and unable to attend. At that meeting, Nelsonville police officers blocked Powell from taking her seat as a council member. Later, Nguyen discovered that the city

had terminated her city email account. Finally, Nelsonville police officers physically prevented Nguyen from attending an April 22 council meeting as a member and from presiding as president.

### B. Powell's claim

{¶ 10} On February 12, 2024, Greg Smith resigned the council seat to which he was elected in November 2023. On March 11, 2024, the council held a vote to select Smith's replacement; Dunfee received three votes, and Powell received two votes. According to the complaint, "immediately, an argument ensued over whether the Nelsonville City Charter requires three (3) or four (4) votes to appoint new Council members." On March 13, the city attorney advised the council that in his opinion, Dunfee was not a council member. The next day, Nguyen appointed Powell to fill Smith's seat. *See* Nelsonville Charter § 4.03 (providing that if the council does not fill a vacancy on the council within 30 days, the council president shall make the appointment).

{¶ 11} Powell attended the March 18 and March 25 council meetings. The complaint does not state whether she cast any votes at those meetings. Clement asked Powell to leave the March 25 meeting. At the April 8 meeting, Nelsonville police officers physically blocked Powell from sitting on the council. The city has not recognized her as a council member.

### C. The quo warranto action

{¶ 12} On April 26, Nguyen and Powell filed their complaint for a writ of quo warranto in the Fourth District Court of Appeals. They requested a writ stating that Nguyen is entitled to serve as a council member and as council president and that Powell is entitled to serve as a council member. They also asked that the writ oust Lawson and Dunfee as council members and oust Clement as council president.

{¶ 13} Appellees filed a Civ.R. 12(B)(6) motion to dismiss. They argued that the writ requested by Nguyen and Powell was barred by laches. They also

argued that Powell (but not Nguyen) lacked standing. On July 1, the court of appeals granted the motion to dismiss, holding that the action was barred by laches. The court did not consider appellees' standing argument.

{¶ 14} Nguyen and Powell have appealed to this court as of right.

## II. LEGAL ANALYSIS

### A. *Request for oral argument*

{¶ 15} In a single line in their brief, Nguyen and Powell request oral argument. We have discretion to grant oral argument in a direct appeal, S.Ct.Prac.R. 17.02(A), and in exercising that discretion, we consider whether the case involves complex issues, a matter of great public importance, a substantial constitutional issue, or a conflict among courts of appeals, *Boler v. Hill*, 2022-Ohio-507, ¶ 14. This case involves none of these factors. We therefore deny the request for oral argument.

### B. *The court of appeals erred in granting the motion to dismiss*

{¶ 16} To be entitled to a writ of quo warranto, a relator must establish (1) that the respondent is unlawfully holding an office, (2) that the relator is entitled to the office, and (3) that the relator lacks an adequate remedy in the ordinary course of the law. *State ex rel. Zeigler v. Zumbar*, 2011-Ohio-2939, ¶ 17, 23. But the underlying merits of whether Nguyen and Powell are entitled to a writ of quo warranto are not currently before this court. Rather, because the court of appeals dismissed the case on the basis of laches, the only issue on appeal is whether the court of appeals was correct in doing so. Nguyen and Powell first argue that because laches is an affirmative defense, it cannot be the basis of a motion to dismiss. They also argue that even if laches may be raised in a motion to dismiss, appellees have not shown that the complaint is barred by laches in this case.

{¶ 17} The elements of a laches defense are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.

*Portage Cty. Bd. of Commrs. v. Akron*, 2006-Ohio-954, ¶ 81. This court reviews de novo a decision granting a motion to dismiss an extraordinary-writ action under Civ.R. 12(B)(6). *State ex rel. Parker Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 10. In considering a motion to dismiss a quo warranto action, we must presume that all the factual allegations made in the complaint and the documents incorporated into the complaint are true and we must make all reasonable inferences in the relator's favor. *Andrews*, 2022-Ohio-4189, at ¶ 19. We may affirm the dismissal of a quo warranto action only if it appears beyond doubt that the relator can prove no set of facts entitling the relator to relief. *See id.*

### 1. Appellees have the burden of proving that laches applies

{¶ 18} Laches is an affirmative defense. Civ.R. 8(C). The burden to prove that laches applies generally falls on the party asserting the defense. *See Fisher v. Amberley*, 2015-Ohio-2384, ¶ 13 (1st Dist.); *see also Portage Cty. Bd. of Commrs.* at ¶ 82 ("the party relying on the defense of laches must demonstrate at least constructive knowledge of the injury on the part of the affected party as a starting point of the delay that it asserts"). But a "relator seeking extraordinary relief in an election-related matter bears the burden of establishing that the relator acted with the required diligence, and if the relator fails to do so, laches may bar the action." *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections*, 2001-Ohio-1806, ¶ 13 (describing the diligence required as "the utmost diligence"). Here, the court of appeals treated Nguyen and Powell's quo warranto action as an "election-related" case and therefore placed the burden on them to prove that they had acted with the utmost diligence.

{¶ 19} This case, however, is not an election case, and we do not treat it as such, because there is no election to which the case applies. Election cases involve set statutory deadlines—such as the deadline for county boards of elections to certify the names of candidates appearing on the ballot, R.C. 3505.01(A)(2), the start of absentee voting, R.C. 3509.01(B), and election day itself, *see* R.C.

3501.01(A)—and a cause of action often will not arise until shortly before one of these deadlines. Such deadlines in election cases necessitate quick action. *See Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 26. In contrast, "[n]onelection cases do not normally require the 'extreme diligence and promptness' required in election cases, nor do they implicate the rights of electors underlying the statutory time limits of [election statutes]." *State ex rel. Ascani v. Stark Cty. Bd. of Elections*, 1998-Ohio-586, ¶ 15, quoting *In re Contested Election of November 2, 1993*, 1995-Ohio-16, ¶ 12. Assuredly, government entities and their constituents have an interest in promptly knowing who their rightful officeholders are, but quo warranto cases do not involve the election deadlines that justify shifting the burden of proving unreasonable delay from the respondent to the relator. We conclude that the court of appeals erred by holding that Nguyen and Powell must affirmatively show that they acted with the utmost diligence in asserting their claims.

### 2. *The complaint does not conclusively show on its face that laches applies*

{¶ 20} The court of appeals granted appellees' motion to dismiss based on laches. Nguyen and Powell argue that laches, as an affirmative defense, cannot serve as the basis for a Civ.R. 12(B)(6) motion to dismiss. They are correct that there is some precedent from this court holding that the affirmative defenses listed in Civ.R. 8(C) cannot be raised in a motion to dismiss. *See State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991) ("Civ.R. 8(C) designates *res judicata* an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention *res judicata*. Accordingly, we hold that the defense of *res judicata* may not be raised by motion to dismiss under Civ.R. 12(B)."); *see also State ex rel. Green v. Wetzel*, 2019-Ohio-4228, ¶ 6 (following *Freeman*). In other cases, however, we have held that an affirmative defense may properly be raised in a motion to dismiss but only if the complaint and the materials incorporated into it show conclusively that the defense applies. *See Schmitz v. Natl. Collegiate Athletic Assn.*, 2018-Ohio-4391, ¶ 11 (a court may dismiss a case as

7

time-barred by a statute of limitations "only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred"); *State ex rel. Peoples v. Schneider*, 2020-Ohio-1071, ¶ 1, 9 (affirming dismissal of case on basis of res judicata when it was clear from the complaint that res judicata applied).

{¶ 21} But we need not decide today whether laches may ever be grounds for a motion to dismiss, because Nguyen and Powell's complaint does not conclusively show that laches applies here. The first element of laches is an unreasonable delay or lapse of time in asserting a right.[1] *Portage Cty. Bd. of Commrs.*, 2006-Ohio-954, at ¶ 81. The court of appeals concluded that Nguyen knew as early as February 25—the date three other council members emailed her to say that they were not accepting the rescission of her resignation—of her injury. But it is not clear from the complaint that Nguyen was aware that the city was not recognizing her as a council member or council president at that time. Nguyen alleged in the complaint that she presided as council president at council meetings on February 26, March 11, March 18, and March 25. She described votes she cast at the March 11 meeting and alleged that at the March 25 meeting, she "was acknowledged as President by her fellow Council members." To be sure, Nguyen knew that some council members believed that she was not a member, and on March 21, they would hold a vote to replace her. But other than the emails sent individually by three council members, the complaint mentions no correspondence from any other city officials notifying her that she was no longer a council member, and according to the complaint, Nguyen presided over the council at least through

---

1. For laches to apply, the delay must also prejudice the other party. *Portage Cty. Bd. of Commrs.* at ¶ 81. The court of appeals held that Nguyen and Powell's delay prejudiced appellees and the city by affecting the possible makeup of the council and the outcome of legislation considered by it. Nguyen and Powell do not argue on appeal that there is no evidence of prejudice.

March 25. Based on the complaint, Nguyen was not conclusively prohibited from serving as council president or as a council member until the April 22 meeting. And she and Powell filed the complaint on April 26.

{¶ 22} Moreover, although the court of appeals found that Nguyen became aware of her injury as early as February 25, a quo warranto action is brought against a person allegedly usurping the relator's claimed position and the relator must show that the respondent is unlawfully holding the position. *See* R.C. 2733.06; *Zeigler*, 2011-Ohio-2939, at ¶ 23. Here, the complaint states that Clement was purportedly appointed council president on March 13 and Lawson was purportedly appointed to Nguyen's council seat on March 21. Even if the city recognized these appointments as legitimate on those dates, Nguyen could not have filed her quo warranto action before those dates.

{¶ 23} Regarding Powell's claim, Dunfee was allegedly appointed a council member by a council vote on March 11, and Powell was allegedly appointed by Nguyen on March 14. The court of appeals thus found that Powell knew by March 14 that Dunfee was usurping her seat. But the complaint does not clearly show that Powell knew on March 14 that the city recognized Dunfee as a council member and did not recognize Powell. Rather, the complaint states that when the council on March 11 allegedly appointed Dunfee to fill the vacancy, "[i]mmediately, an argument ensued over whether the Nelsonville City Charter requires three (3) or (4) votes to appoint new Council members." On March 13, the city attorney gave his opinion that Dunfee was not a member of the council. The next day, Nguyen, acting as council president, appointed Powell pursuant to the council president's authority to fill vacancies when the council has failed to do so within 30 days of a vacancy. *See* Nelsonville Charter § 4.03. Thus, the complaint does not conclusively show that Powell was aware when Nguyen appointed her on March 14 that the city did not recognize her as a council member. The complaint states that the city has not recognized Powell as a council member, but it is not clear from the complaint when

Powell became aware of that decision or whether she was aware of it before she was prevented from participating in the April 8 council meeting.

{¶ 24} At bottom, the complaint and the affidavits attached to it show that Nguyen's resignation and purported rescission of that resignation threw the operation of Nelsonville's government into confusion in February and March 2024. But it is not clear from the complaint that Nguyen was aware during that timeframe that the city was refusing to recognize Nguyen as a member or president of council. Rather, certain council members and other city officials appeared to treat her as a council member and council president, while other council members and city officials did not. Only when she was barred from participating at the April 22 meeting—or, at the earliest, when Powell was barred on April 8—does the complaint conclusively show that Nguyen was aware that the city was not recognizing her as a council member or as council president. And because it was not clear until April 22 that the city was not recognizing her, it was not clear until that point that Clement and Lawson were usurping her positions. Similarly, according to the complaint, Powell did not clearly know of her injury until she was barred from participating at the April 8 meeting.[2]

{¶ 25} Nguyen and Powell filed this action on April 26. In previous quo warranto cases, we have rejected laches arguments involving similar or longer time periods between the realization of the injury and the filing of suit than those present here. *See Zeigler*, 2011-Ohio-2939, at ¶ 15-16 (quo warranto action not barred by laches when officeholder had filed complaint 15 days after ouster); *State ex rel.*

---

2. Appellees argue that Nguyen and Powell waived any argument about when they were injured by failing to raise it below. *See State ex rel. DeGroot v. Tilsley*, 2011-Ohio-231, ¶ 9 (party in a direct appeal waived argument by failing to raise it below). Appellees state that the "**only** argument" Nguyen and Powell "made in opposition to laches was that the defense is not properly raised in a Rule 12(B)(6) motion." (Emphasis in original.) In their response to the motion to dismiss below, however, Nguyen and Powell argued that Nguyen was first denied her right to serve on April 22 and Powell on April 8 and that Nguyen and Powell timely filed their action shortly thereafter. Therefore, we conclude that Nguyen and Powell have not waived the argument.

*Garfield Hts. v. Nadratowski*, 46 Ohio St.2d 441, 443 (1976) (three-month delay between election of city council member and filing of quo warranto action by city to oust council member as unqualified "not inexpedient"). Nguyen and Powell's delay between realizing their injuries and filing this action on April 26 was not necessarily unreasonable.

{¶ 26} The evidence might ultimately show that Nguyen and Powell were aware that their positions were being usurped prior to April 8 and April 22. If it does, then the court of appeals will need to decide whether Nguyen and Powell unreasonably delayed in filing their complaint. But this appeal is taken from the court of appeals' decision granting appellees' motion to dismiss. Appellees have the burden of proving that the affirmative defense of laches applies, and based solely on the complaint and the documents incorporated into it, we conclude that they have not done so. The court of appeals thus erred in granting appellees' motion to dismiss on the basis of laches.

### C. *The proper resolution*

{¶ 27} Nguyen and Powell argue that we should grant their request for a peremptory writ of mandamus, and they argue as a proposition of law that Nguyen's February 17, 2024 email did not constitute a formal resignation. But the parties have not yet submitted evidence below, and the court of appeals did not reach the merits of the case. We do not reach the merits either. Rather, we reverse the court of appeals' decision granting appellees' motion to dismiss and remand the case for further proceedings. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 19-20 (reversing, on direct appeal, a court of appeals' decision granting a motion to dismiss a mandamus action, refusing to decide the merits, and remanding the case).

### III. CONCLUSION

{¶ 28} When the court of appeals dismissed Nguyen and Powell's complaint on the basis of laches, it erred in holding that they had to affirmatively

prove that they had acted with the utmost diligence in asserting their claims. It also erred in finding that their complaint showed that they had unreasonably delayed in filing the complaint. Therefore, we conclude that the court of appeals erred in dismissing the case on the basis of laches. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

Josh Brown Law, L.L.C., and Joshua J. Brown, for appellants.

Reminger Co., L.P.A., Thomas N. Spyker, and Mrinali Sethi, for appellees.

_____