[Cite as *Clark v. Duffy*, 2025-Ohio-1796.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

April Clark, Sui Juris,                                           :

        Relator,                                            :

                                   No. 24AP-506

v.                                                               :

                           (REGULAR CALENDAR)

Maureen Duffy, Individual Capacity et al., :

        Respondents.                                        :

---

D E C I S I O N

Rendered on May 20, 2025

---

*April Clark*, pro se.

[*Shayla D. Favor*], Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondents.

---

IN WRIT QUO WARRANTO ON
RESPONDENTS' MOTION TO DISMISS

BOGGS, J.

{¶ 1}  Relator, April Clark, has filed this original action seeking a writ of quo warranto against respondents Maureen Duffy, Jeffery D. Mackey, Monica Harris, Melissa Kaufman, and Eric Horvath, who hold various offices and positions within the Franklin County Probate Court. Respondents filed a motion to dismiss Clark's writ of quo warranto and Clark subsequently filed two motions to compel the Franklin County Prosecutor's Office to bring quo warranto actions against the respondents.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate correctly found that Clark lacks standing to bring a writ of quo

warranto, and thus recommends that this court grant respondents' motion to dismiss and deny Clark's motions to compel as moot.

**{¶ 3}** No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

**{¶ 4}** Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, granting respondents' motion dismiss and denying as moot Clark's motions to compel.

*Petition for quo warranto denied*;
*Respondents' motion to dismiss granted*;
*Relator's motions to compel denied as moot.*

DORRIAN and LELAND, JJ., concur.

———————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| April Clark, Sui Juris, | : | |
| Relator, | : | |
| v. | : | No.  24AP-506 |
| Maureen Duffy, Individual Capacity et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 7, 2025

*April Clark*, pro se.

[*Shayla D. Favor*], Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondents.

IN WRIT QUO WARRANTO
ON RESPONDENTS' MOTION TO DISMISS

**{¶ 5}**  Relator, April Clark, has filed this original action seeking a writ of quo warranto against respondents Maureen Duffy, Jeffery D. Mackey, Monica Harris, Melissa Kaufman, and Eric Horvath, who hold various offices and positions within the Franklin County Probate Court. Although relator's petition does not contain a prayer for relief, relator seems to be requesting that respondents be removed from their respective offices and positions based upon their rulings and actions primarily in Franklin County Probate No. 616530 ("case 616530"). Respondents have filed a motion to dismiss.

Findings of Fact:

{¶ 6}    1. Case 616530 is a guardianship case filed on April 19, 2022. According to the petition, Mackey is the probate court judge; Duffy is a probate court magistrate; Harris is a magistrate assistant; and Kaufman and Horvath are probate court investigators.

{¶ 7}    2. On August 16, 2024, relator filed her petition for writ in quo warranto, apparently seeking to remove respondents from their respective offices and positions based upon their rulings and actions primarily in case 616530.

{¶ 8}    3. On September 11, 2024, respondents filed a motion to dismiss.

{¶ 9}    4. On September 15, 2024, relator filed two motions to compel, seeking to compel the Franklin County Prosecutor's Office to bring quo warranto actions against respondents.

{¶ 10}   5. Relator has filed a reply in opposition to respondents' motion to dismiss, and respondents have filed a response to relator's reply.

Conclusions of Law and Discussion:

{¶ 11}   The magistrate recommends that this court grant respondents' motion to dismiss relator's petition for writ in quo warranto. Relator's motions to compel are denied as moot.

{¶ 12}   R.C. 2733.01(A) provides, in pertinent part, that a civil action in quo warranto may be brought in the name of the state "[a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state[.]" R.C. 2733.06 provides that, "[a] person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs."

{¶ 13}   Quo warranto is the exclusive remedy to litigate the right of a person to hold a public office. *State ex rel. Deiter v. McGuire*, 2008-Ohio-4536, ¶ 20; *see also*, *State ex rel. Ebbing v. Ricketts*, 2012-Ohio-4699, ¶ 8, citing *State ex rel. Johnson v. Richardson*, 2012-Ohio-57, ¶ 15. In quo warranto, judgment may be rendered on the right of the defendant to hold the contested office and the right of the person alleged to be entitled to hold the office. *Deiter* at ¶ 22.

{¶ 14} A writ of quo warranto is a high prerogative writ of an extraordinary nature. *State ex rel. Cain v. Kay*, 38 Ohio St.2d 15, 16 (1974). To be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that the relator is entitled to the office. In other words, the relator must demonstrate not only that he is entitled to the office but also demonstrate that the claimed office is unlawfully held and exercised by the respondent. *State ex rel. Halak v. Cebula*, 49 Ohio St.2d 291 (1977); *State ex rel. Smith v. Nazor*, 135 Ohio St. 364 (1939). The relator is obligated to show clear legal right to the claimed office. *State ex rel. Corrigan v. Noble*, 26 Ohio St.3d 84, 86 (1986), citing *State ex rel. Joecken v. Lynch*, 123 Ohio St. 676 (1931), and *Cain* at 17. *See also State ex rel. Buian v. Kadlec*, 56 Ohio St.2d 116, 118 (1978) (a writ of quo warranto issues only where there is a clear legal right to the relief requested).

{¶ 15} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A court considering a motion under Civ.R. 12(C) must construe the material allegations in the complaint and all reasonable inferences to be drawn by the same in favor of the nonmoving party as true. *Ohio Mfrs.' Assn. v. Ohioans for Drug Price Relief Act*, 2016-Ohio-3038, ¶ 10. Viewing the allegations in such light, the court may only grant a motion under Civ.R. 12(C) where it finds no material factual issues exist and the movant is entitled to judgment as a matter of law. *Hinkle v. L Brands, Inc. World Headquarters*, 2021-Ohio-4187, ¶ 9 (10th Dist.). Thus, a motion under Civ.R. 12(C) " 'tests the allegations of the complaint and presents a question of law.' " *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1518, ¶ 11 (10th Dist.), quoting *Zhelezny v. Olesh*, 2013-Ohio-4337, ¶ 9 (10th Dist.).

{¶ 16} In the present case, respondents argue that relator has no standing to bring a claim in quo warranto. The magistrate agrees. "[S]tanding in quo warranto is given exclusively to the attorney general and county prosecutors with a single exception: persons who claim entitlement to a *public office*." (Emphasis in original.) *State ex rel. Salim v. Ayed*, 2014-Ohio-4736, ¶ 21. No other exceptions exist. *Id*. A private person may bring an action in quo warranto " ' "only when he personally is claiming title to a public office." ' " *State ex rel. Hawthorn v. Russell*, 2005-Ohio-6431, ¶ 6, quoting *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters v. Jenkins*, 2002-Ohio-3527, ¶ 10, quoting *State ex rel. Annable v. Stokes*, 24 Ohio St.2d 32 (1970). In the present case,

relator has brought the in quo warranto action in her name and lacks standing to oust respondents from their respective offices, having no good faith or reasonable basis for laying claim to the offices herself. *See State ex rel. Reynolds v. Nix*, 2024-Ohio-4669, ¶ 10 (standing in quo warranto requires the relator to have a claim to the incumbent's office made in good faith and upon reasonable grounds). Therefore, because relator lacks standing to bring her present action in quo warranto against respondents, the action must be dismissed.

{¶ 17} Accordingly, it is the magistrate's decision that this court should grant respondents' motion to dismiss relator's petition for writ in quo warranto. Relator's motions to compel are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.