[Cite as *State ex rel. Koger Kidd v. Earley*, 2025-Ohio-5457.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO ex rel. QUINTIN KOGER KIDD, | : | CASE NO. CA2025-08-035 |
|  | : |  |
| Relator, | : | OPINION AND JUDGMENT ENTRY 12/8/2025 |
| vs. | : |  |
| JEFF EARLEY, et al., | : |  |
| Respondents. | : |  |
|  | : |  |

ORIGINAL ACTION IN QUO WARRANTO

Quintin Koger Kidd, pro se.

J. Andrew Fraser, for respondents.

---

# **O P I N I O N**

**SIEBERT, J.**

{¶ 1}  This matter is before the Court on the petition for writ of quo warranto filed by Relator, Quintin Koger Kidd ("Koger Kidd"), against Respondents, Jeff Earley, Carlos Rogers, and Ned Thompson (the "Park Commissioners"), as well as the City of

Wilmington Board of Park Commissioners (the "Park Board"), and the City of Wilmington (the "City") (collectively as "Respondents"). The Park Commissioners filed a Civ.R. 12(B)(6) motion to dismiss Koger King's petition for a writ of quo warranto.

{¶ 2} For the reasons that follow, the Respondents' motion to dismiss is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Koger Kidd alleges that on July 1, 2025, he made a public records request to the City seeking copies of the oaths of office for the members of the Park Commissioners. Ver. Compl. at ¶ 8. Koger Kidd contends that on July 31, 2025, the City of Wilmington responded saying that it did not have any such records on file. *Id.* at ¶ 9. Koger Kidd then avers that he sent a follow-up communication giving the City "the opportunity to verify compliance" with the Ohio Revised Code's oath of office requirements. *Id.*, Ex. B.

{¶ 4} Koger Kidd now brings this quo warranto action in an attempt to remove the Park Commissioners from the Park Board because they allegedly did not take an oath of office in violation of R.C. 733.68. See *Id.* at Prayer for Relief. Koger Kidd also requests that this Court declare that Respondents are unlawfully holding office as members of the City of Wilmington Board of Park Commissioners; declare void all official actions taken by Respondents during their unlawful tenure; award costs to Relator; grant other relief as may be just and proper; and set this matter for expedited consideration and hearing. *Id.*

{¶ 5} Nowhere in Koger Kidd's Verified Complaint does he allege he is personally entitled to any of the Park Board offices currently held by the Park Commissioners. Koger Kidd is not a prosecuting attorney, nor is he an attorney general.

{¶ 6} Respondents moved to dismiss Koger Kidd's petition on the basis that he lacks standing to bring a quo warranto action because he, a private person, lacks a

colorable claim to any of the offices held by the Park Commissioners. Mot. Dismiss at 4-6. Respondents further argue that Koger Kidd's action is moot because the Park Commissioners signed an oath of office before performing any duties. Mot. Dismiss at 6. Respondents attached the oaths to their motion. *Id.* at Exs. A, B, and C.

{¶ 7}    Koger Kidd opposed the motion to dismiss, admitting that he is not seeking a seat on the Park Commission. Memo in Opp. at 4. Koger Kidd states that he "challenges whether Respondents may lawfully occupy office at all in the absence of valid oaths." *Id.* Koger Kidd alleges that he has a personal stake sufficient to establish legal standing because he "has a direct and personal interest in ensuring that only duly sworn officials exercise public power." *Id.* Koger Kidd also claims that he performed his own analyses of the oaths of office attached to Respondents' Motion to Dismiss, and asserts the attached oaths are not authenticated public records. *Id.* at 1-2.

{¶ 8}    Respondents reply Koger Kidd cannot establish standing without a claim to one of the disputed offices. Reply Mot. Dismiss at 2. Respondents also allege that the oaths they attached are self-authenticating and therefore are proper evidence that Koger Kidd's claim is moot. *Id.* at 3-4.

{¶ 9}    Koger Kidd sought and obtained leave to file a sur-reply. Therein, Koger Kidd argued that because he qualifies as "any person" under the Ohio Open Meetings Act, he has standing under the quo warranto statute. Sur-reply at 5.

{¶ 10} Koger Kidd argues that the City has an established pattern of not following the Ohio Open Meetings Act, and that the oaths are invalid because there was not sufficient public notice for the public meeting when the oaths were administered. *Id.* at 6. Koger Kidd claims that if his case is dismissed, the alleged Ohio Open Meetings Act violations and whether the Park Commissioners are validly in office will be "unreviewable" in a court of law. *Id.* at 7.

## II. LAW AND ANALYSIS

### A. Petitions for Writs are Civil Actions, Governed by the Civil Rules

{¶ 11} A petition seeking an original writ is a civil action. *See* Civ.R. 1(A) and (C). Thus, a writ may be resolved on pretrial motions pursuant to the Rules of Civil Procedure such as a motion under Civ.R. 12(B)(6). *State ex rel. D.H. v. Capizzi*, 2016-Ohio-5268, ¶ 7 (2d Dist.); *Barge v. City of St. Bernard*, 2011-Ohio-3573, ¶ 7 (1st Dist.); *State ex rel. Hilltop Basic Resources, Inc. v. City of Cincinnati*, 2005-Ohio-6817, ¶ 10 (1st Dist.).

### B. Motion to Dismiss 12(B)(6) Standard Applies, Tests Pleading Sufficiency

{¶ 12} The Ohio Rules of Civil Procedure authorize dismissal of a pleading for "failure to state a claim upon which relief can be granted." Civ.R. 12(B)(6). Such a motion tests only the legal sufficiency of the complaint. *Centennial Plaza III Inv., LLC v. Centennial Plaza Inv., LLC*, 2016-Ohio-273, ¶ 15. For a court to dismiss on this basis, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Id.*

{¶ 13} The relator must plead facts satisfying all elements of an original action like quo warranto to withstand a motion to dismiss. *State ex rel. Iacovone v. Kaminski*, 81 Ohio St.3d 189, 191 (1998); *State ex rel. Clark v. Lile*, 80 Ohio St.3d 220, 221 (1997). In construing a complaint upon a Civ.R. 12(B)(6) motion, this Court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

### C. Koger Kidd Lacks Standing to Obtain a Writ of Quo Warranto

{¶ 14} A court must determine if the party seeking relief has standing to bring the action. Whether a party has standing to institute an action seeks to determine whether the claimant bringing the action is the real party in interest. "The concept of 'standing'

involves whether the plaintiff to a civil action has alleged such a personal stake in the outcome of the controversy that he or she is entitled to have a court hear the case." *Progressive Macedonia, LLC v. Shepherd*, 2021-Ohio-792, ¶ 59 (11th Dist.), citing *Clifton v. Blanchester*, 2012-Ohio-780, ¶ 15.

{¶ 15} An action in quo warranto against a public official must be brought by the attorney general or a prosecuting attorney (R.C. 2733.05), or by a person claiming to be entitled to the public office unlawfully held and exercised by another (R.C. 2733.06). *State ex rel. Flanagan v. Lucas*, 2014-Ohio-2588, ¶18. Because standing has been granted exclusively to these three categories of relators by the Ohio General Assembly, no exceptions exist under law. *Clark v. Duffy*, 2025-Ohio-1796, ¶ 16, citing *State ex rel. Salim v. Ayed*, 2014-Ohio-4736, ¶ 21.

{¶ 16} When the Ohio General Assembly adopted R.C. 2733.04-06 in 1953, it specifically chose to maintain the private citizen requirements for quo warranto. The General Assembly has amended other sections of the Revised Code addressing quo warranto without amending the requirements placed on private relators. This must be interpreted as the General Assembly choosing to maintain said standing requirement. See *Snider Crossing LLC v. Warren Cnty. Bd. of Revision*, 2025-Ohio-3189, ¶ 30 (12th Dist.), citing *Clark v. Scarpelli*, 2001-Ohio-39.

{¶ 17} Where a relator brought the quo warranto action in her own name but pled no good faith or reasonable basis for laying claim to the respondent's office, the Tenth District Court of Appeals dismissed the petition. *Clark* at ¶ 16-17. Similarly, a relator lacked standing to maintain a quo warranto action to remove a city's law director and prosecutor where the relator had not claimed that she was entitled to hold either position. *State ex rel. Crenshaw v. Hemmons-Taylor*, 2023-Ohio-1379, ¶ 13 (8th Dist.).

{¶ 18} Averring that the relator is a resident, an elector in the jurisdiction, and/or eligible to hold office are not sufficient, separately or together, to create standing. *State ex rel. Schulz v. McCloskey*, 2006-Ohio-10, ¶ 4. Even the possibility of an appointment is not sufficient to confer standing. *Flanagan*, at ¶ 21.

{¶ 19} Here, Koger Kidd lacks standing to seek quo warranto. Koger Kidd has failed to allege that he is either a prosecuting attorney or attorney general, so his claim is governed by the requirements for a private citizen under R.C. 2733.06. Koger Kidd has not pled that he is entitled to any public office. Instead, Koger Kidd relies on averments that he is a "resident and elector" in the City, which is not sufficient to confer standing. Koger Kidd's allegations that the Park Commissioners may not have sworn oaths of office does not provide an exception to the mandatory standing requirement.

{¶ 20} Because Koger Kidd lacks standing, the motion to dismiss is granted.[1]

## D. Entitlement to the Disputed Office is an Essential Element of the Claim

{¶ 21} Even if standing were not at issue, the Park Commissioners' Motion to Dismiss Koger Kidd's quo warranto claim must be granted because Koger Kidd cannot meet all of the required elements as a matter of law.

{¶ 22} The necessary elements for a writ of quo warranto are:

1. that the respondent is unlawfully holding an office,
2. that the relator is entitled to the office, and
3. that the relator lacks an adequate remedy in the ordinary course of the law.

*State ex rel. Nguyen v. Lawson,* 2025-Ohio-507, ¶ 16 (citation omitted).

---

1. While Koger Kidd lacks standing, his argument that the validity of any putative office holder would be "unreviewable" if voters do not have standing under the quo warranto statute is incorrect. R.C. 2733.05 provides that an attorney general or prosecuting attorney may pursue quo warranto without asserting that they are personally entitled to the office. Nothing herein would preclude someone with statutory standing from pursuing a good faith claim.

{¶ 23} While a relator need not prove his claim to the disputed office beyond doubt in the complaint, the relator must plead facts showing that his claim is being made "in good faith and upon reasonable grounds." *State ex rel. Swanson v. Maier*, 2013-Ohio-4767, ¶ 21 (internal citations omitted); *see also State ex rel. Heer v. Butterfield*, 92 Ohio St. 428 (1915), paragraph one of the syllabus. Without such allegations in the petition, the quo warranto claim must be dismissed.

{¶ 24} Because Koger Kidd has not alleged in good faith and upon reasonable grounds that he is entitled to one of the Park Commissioners' offices, the petition fails to establish all of the elements of quo warranto and the motion to dismiss is granted.

**E. The Park Commissioners Each Took an Oath Before Assuming Their Duties**

{¶ 25} Respondents have sufficiently established that the Park Commissioners were validly sworn into office before performing their duties. Respondents attached oaths of office for each of the Park Commissioners to the pleadings.

{¶ 26} Koger Kidd asserts that these oaths cannot be considered as evidence. Precedent in this district suggests otherwise. See *State v. Blacker*, 2011-Ohio-3916, ¶ 10 (12th Dist.) (trial court judge's oath of office considered valid evidence); *State v. Becker*, 2006-Ohio-148, ¶ 10 (trial court judge's oath from 1988 sufficient to prove the judge was validly sworn to hear cases in 1990-1991).

{¶ 27} Evid.R. 902(8) further states that extrinsic evidence of authenticity is not required when the document is accompanied by an acknowledgement provided by law, such as a notary public or other official authorized to acknowledge documents. The oath of office requirement under R.C. 3.24, which governs the Park Commissioners, states:

> The person administering the oath under authority of this section shall [ ] write the administering person's signature, the title of the elected office that the administering person holds, and the date; and shall affix the seal of office if a seal is

prescribed for, or has been adopted by, the administering person's office.

R.C. 3.24. All three of the Park Commissioners' oaths comply with this requirement.

{¶ 28} Koger Kidd has cited no legal authority to show that the oaths cannot be validly considered. It is Koger Kidd's burden, as the party asserting that the oaths are inadmissible to point to some legal authority that the Park Commissioners did not properly swear an oath. *See Blacker* at ¶ 10 and *Becker* at ¶ 10.

{¶ 29} Koger Kidd's argument fails as a matter of law.

### III. CONCLUSION

{¶ 30} For the reasons discussed herein, this Court GRANTS the Respondents' Motion to Dismiss.

{¶ 31} Writ of Quo warranto is DENIED.

PIPER, P.J., and M. POWELL, J., concur.

_____

# J U D G M E N T   E N T R Y

This matter is before the court on a petition for a writ of quo warranto filed by relator, Quinton Koger Kidd, and an answer filed by respondents, Jeff Earley, et al.

Upon due consideration of the foregoing, and pursuant to the above Opinion, relator's petition for a writ of quo warranto is hereby DENIED.

Judgment accordingly.

Costs to be taxed to relator.

/s/ Robin N. Piper, Presiding Judge


/s/ Mike Powell, Judge


/s/ Melena S. Siebert, Judge